UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY LEE BORMAN,

    Plaintiff,

        v.           CAUSE NO. 3:24-CV-627-JD-AZ

HOLT, et al.,

    Defendants.

OPINION AND ORDER

Timothy Lee Borman, a prisoner proceeding without a lawyer, was ordered to show cause why he had not updated his address after mail sent to him by the clerk was returned as undeliverable. (ECF 6.) Upon review of his response (ECF 8), the case will proceed to screening.[1]

As required by 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Borman is proceeding

---

[1] It appears that Borman may have been released from the jail for a short time, but it is evident from his recent filing that he is currently in custody at the jail.

without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Borman is a pretrial detainee at the LaPorte County Jail. He claims that on July 19, 2024, his cell phone was released to someone without his "knowledge or consent." It appears the cell phone was lost or stolen after it was released. He seeks an award of $4,500 in damages against two officers at the jail for the loss of the phone.

Borman has an adequate state post-deprivation remedy available to seek compensation for his cell phone. *See* IND. CODE § 34-13-3-8 *et seq.* Therefore, he cannot pursue a federal due process claim based on the loss of the phone. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property). Aside from this problem, he does not describe any personal involvement by either of the two officers named as defendants. These individuals cannot be held liable for damages solely because of their positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Borman an opportunity to file an amended complaint if he believes that he can state a plausible constitutional claim in connection with this issue, consistent with the allegations he has already made under penalty of

perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **January 31, 2025**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on December 27, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT