UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY LEE BORMAN, </br></br> Plaintiff, </br></br> v. </br></br> HOLT, et al., </br></br> Defendants. | CAUSE NO. 3:24-CV-627-JD-AZ |

OPINION AND ORDER

Timothy Lee Borman, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 13.) The court screened his original complaint and determined that it did not state a claim for relief. (ECF 11.) He was afforded an opportunity to file an amended complaint before the case was dismissed under 28 U.S.C. § 1915A. (*Id.*) He responded with the present pleading.

As required by 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Borman is proceeding

without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Borman is a pretrial detainee at the LaPorte County Jail. As with his original complaint, he claims that on July 19, 2024, jail staff released his cell phone to someone without his "knowledge or consent." It can be discerned that the phone was subsequently lost or stolen. He seeks an award of $4,500 in damages from Sheriff Ron Heeg, the LaPorte County Sheriff's Department, Jail Commander Andrew Hahn, and Assistant Jail Commander Jeffrey Holt for the loss of his phone.

Borman has an adequate state post-deprivation remedy available to seek compensation for his cell phone. *See* IND. CODE § 34-13-3-8 *et seq.* Therefore, he cannot pursue a federal due process claim based on the loss of the phone. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property).

Additionally, he does not describe any personal involvement by the individual defendants in the release off his phone. Instead, he seeks to hold them liable because they are "in charge" of the jail and its employees. However, there is no *respondeat superior* liability under 42 U.S.C. § 1983, and these individuals cannot be held liable for damages solely because of their positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

To the extent his claim against the Sheriff's Department is also based on a *respondeat superior* theory, it cannot proceed. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The Sheriff's Department can be sued for a constitutional violation under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if an employee's unlawful acts "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a plausible *Monell* claim, a plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Borman does not identify an official policy held by the Sheriff's Department that caused him injury, nor does he allege facts permitting a reasonable inference that the Department has an official custom that violates the Constitution. Instead, Borman describes an isolated incident wherein a jail employee released his phone to someone without his permission. This type of isolated incident of wrongdoing does not give rise to a plausible *Monell* claim. *Howell*, 987 F.3d at 654.

Therefore, the amended complaint does not state a claim upon which relief can be granted. Borman has already been granted an opportunity to amend, and his amended complaint is largely the same as the original. The court finds no basis to

conclude that if given another opportunity, he could state a plausible constitutional claim based on this incident, consistent with what he has already alleged under penalty of perjury. Therefore, the case will be dismissed.

As a final matter, Borman filed a motion for leave to proceed in forma pauperis. (ECF 14.) However, he was already granted leave to proceed in forma pauperis in this case. (ECF 3.) It was unnecessary for him to move for such relief a second time.

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The motion for leave to proceed in forma pauperis (ECF 14) is DENIED as unnecessary. The clerk is DIRECTED to close the case.

SO ORDERED on February 6, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT